# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COMMONWEALTH OF | ) | |
|---|---|---|
| PENNSYLVANIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1093 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| HOLY HARVEST CHRISTIAN | ) | |
| TRUST *and* GEORGE KOSTANTAKIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

For the reasons that follow, this case will be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1915.

Pastor George Kostantakis ("Movant") has initiated this action, *pro se*, by attaching to his Motion for Leave to Proceed *in forma pauperis* ("IFP") a document titled, "Removal and Cross-Complaint." Doc. 1-1. Although the filing is not entirely clear, it appears that Movant purports to have removed state-court proceedings regarding commercial vehicle-safety citation(s) issued against him by State Police Officer Roy Brownlee ("Officer Brownlee") on June 22, 2017. *See* Doc. 1-2 ("Driver Copy" of "Vehicle Inspection Report"). The inspection report is the only information provided by Movant regarding the state citation(s)/proceedings, although the body of his filing does reference his having appeared before a state "magistrate," identity, whereabouts and timing unspecified. Doc. 1-1 at ¶ IX. Movant complains that he, and a 91-year old "disabled vet[eran]" accompanying him, were treated poorly by Officer Brownlee in connection with the issuance of citation(s) and the towing of Movant's non-compliant vehicle. *See generally id.* at ¶¶ V-X. In addition to the presumed desire to further litigate the state-citation(s) in federal court, Movant purports to bring a "Cross-Complaint," citing his desire to "[p]unish the state and individuals

involved [in] violating the basic human dignity of one of our veterans, and for ignoring and punishing a First Responder while in the regular course of business." *Id.* at ¶ VII. He also suggests that the state-actor(s)' treatment of his veteran-friend violated the Americans with Disabilities Act ("ADA"). *Id.* at ¶ X.

The Court is not unsympathetic, or ungrateful, for Movant's dedication to the service of persons in need. *Cf. id.* at ¶ V (the citation(s) were issued while Movant was returning from providing hurricane-relief); Mot. for Leave to Proceed IFP at ¶¶ 6-7 (Movant is "an ordained pastor and trustee of a church that has taken a vow of poverty," and the church's mission is to provide services to "disabled and less fortunate individuals"). Feelings of sympathy and gratitude notwithstanding, the Court lacks subject matter jurisdiction to preside over this action.

Having been granted leave to proceed IFP, Movant is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* <u>Atamian v. Burns</u>, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, the statute requires the Court to dismiss any action in which subject matter jurisdiction is lacking and/or the movant has failed to state claims upon which relief may be granted. *See* <u>Muchler v. Greenwald</u>, 624 Fed. Appx. 794, 796-97 (3d Cir. Aug. 18, 2015).

The law is clear that, absent unique and narrowly-limited circumstances not presented here, state-criminal proceedings, including those related to vehicle-citations, are not removable to federal court. <u>Clearfield Borough Police Dept. v. Vora</u>, 2007 WL 2197046, *1 (3d Cir. Aug. 1, 2007) (affirming district court's dismissal of petition to remove state-traffic-citation proceedings, because IFP movant's vague allegations of conspiracy did not satisfy the specific criteria of the civil rights

removal statute, 28 U.S.C. § 1443); *accord* New Jersey v. Jeter, 2015 WL 12564204, *1 (E.D.N.Y. 2015) (same).[1]

There are no apparent bases for exercising subject matter jurisdiction under the removal statutes. As to Movant's purported "Cross-Complaint," there is no such thing under the Federal Rules of Civil Procedure. The closest analogy, a counterclaim, likewise provides no jurisdictional inlet. Deutsche Bank Nat'l Trust Co. v. Harding, 655 Fed. Appx. 113, 115 (3d Cir. Jul. 22, 2016) ("a federal question appearing in a counterclaim is insufficient to establish federal question jurisdiction") (citation to quoted source omitted).

Finally, even had Movant sought to file his present allegations by way of an original complaint, he identifies no cognizable bases for relief. Movant does not level a claim for wrongful-detention under the Fourth Amendment, and his allegations do not plausibly support one. All that reasonably may be inferred from Movant's filing is that Officer Brownlee issued citation(s) for commercial-vehicle safety violations. *See generally* Docs. 1-1 and 1-2. And while Movant claims to have been "detained" while the offending-vehicle was towed, there is no allegation or inference that he (or his passenger) was taken into custody. *Cf.* Doc. 1-1 at ¶ VI (alleging that a second officer on the scene objected to "detain[ing] the truck," he tried to talk Officer Brownlee out of "g[iving Movant] a ticket," and he "thanked [Movant and his passenger] for their service") (emphasis added).[2]

---

[1] Even were removal appropriate, questions would remain regarding the appropriate venue. *See* Jeter at *1 (removal, if available, would be "to the district court of the United States for the district and division embracing the place where such [a proceeding] is pending") (quoting 28 U.S.C. § 1441(a)). Although the vehicle-citation(s) in question appear to have been issued in the Western District of Pennsylvania, the Court has no way of knowing where-lies the governing magisterial district. *Compare* discussion *supra* (noting Movant's non-specific references to having appeared before a magistrate) *with* Doc. 1-2 (inspection report, providing a mailing address in Harrisburg, which lies in the Middle District of Pennsylvania).

[2] An obvious, and far more plausible, explanation is that the vehicle's occupants had little choice but to accompany the towed vehicle, given that they otherwise, presumably, lacked alternative transportation.

3

The only other established-law referenced in Movant's filing, the ADA, gets him no further. *See* Doc. 1-1 at ¶ X (purporting to state ADA-claim on behalf of Movant's veteran-friend). Even could the statute be stretched so far (which the Court seriously doubts), Movant has an insurmountable standing issue, and he cannot properly represent his veteran-friend "pro se." Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) (*abrogated on other grounds by* Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007)).[3]

Consistent with the foregoing, this action will be dismissed for want of subject matter jurisdiction. As should be evident from the discussions above, Movant's pleading-deficiencies cannot be cured by amendment, and the dismissal will be with prejudice. In closing, the Court notes that, although Movant may enjoy no relief in this forum, that is not to say there are no effective channels through which his grievances may be brought to light (by way of the media, contacting political representatives, *et cetera*). Nor is there any reason to doubt the veracity, or sincerity, of Movant's efforts in providing hurricane-relief, and the Court, on the record, expressly acknowledges its gratitude for his and his church's good works. Without question, Movant's efforts make the world a better place.

At the same time, it also should be appreciated that the regulations referenced in Movant's inspection report *also* serve a valuable public-good, namely, ensuring the safety of public roadways and their lawful occupants. *Cf.* Doc. 1-1 (alleging, among other things, that vehicle operated by Movant had "oil and/or grease leaking from [the] outer wheel [hub]," air leaking from brake connections, insecure tarp straps, inoperable brake lamps, and identifying various failures to record

---

[3] Addressing all of the difficulties regarding Movant's identity-of-parties − not to mention the attendant immunity, abstention and/or preclusional bars − would only belabor the point. *See* Doc. 1-1 (revealing Movant's attempt to bring suit on behalf of both himself and the "Holy Harvest Christian Trust," and indicating that the opposing-parties may include the Commonwealth of Pennsylvania, its Governor and Officer Brownlee). Charitably speaking, Movant's factual averments would provide a veritable issue-spotting "bonanza," for the purposes of a law school examination.

and/or display required information regarding the operation of a commercial-vehicle). While this may prove cold comfort to Movant, in the moment, life all-too-inevitably presents stories to which there are more than one side. Furthermore, while one law enforcement officer may, based on the charitable intentions of an accused, decide to overlook a violation and/or forego a potential citation, no amount of good works may place an individual above the law. *Cf.* Doc. 1-1 (offering no suggestion that Movant's vehicle was, in fact, compliant with the various rules and regulations cited in the inspection report).[4]

This action is **DISMISSED WITH PREJUDICE**, and the case has been marked closed. IT IS SO ORDERED.

August 25, 2017
s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via First-Class U.S. Mail):

George Kostantakis
3803 Bowen Road
Lancaster, NY  14086

---

[4] These discussions bring to mind scenes from the movie, "The Blues Brothers," in which the protagonists repeatedly avoid scrapes with society and the law, stating, "We're on a mission from God." Unfortunately, reality often does not comport with Hollywood's flights of fancy.